## SOLBERG v. CARGO OF STEEL RAILS, etc.

District Court, D. Massachusetts. November 18, 1927.

No. 3495.

1. **Shipping ⚖️185—Carrier has lien on cargo for demurrage.**

Under American admiralty law, carrier has lien on cargo for demurrage.

2. **Shipping ⚖️183—Cargo consignee, without knowledge of charter, held not bound by charter provision fixing demurrage rate.**

Consignee of cargo, without knowledge that ship was under charter, *held* not bound by charter provision fixing rate of demurrage.

In Admiralty. Suit by Ingvald Solberg against a cargo of steel rails and/or iron bars and plates. Decree for libelant.

Blodgett, Jones, Burnham & Bingham, of Boston, Mass., for plaintiff.

Geo. Everett Kimball, of Boston, Mass., for defendant.

LOWELL, District Judge. This case was tried on a statement of agreed facts, from which it appeared that the Boston & Maine Railroad bought from Krupp & Co. in Germany a quantity of steel rails. They were loaded on board the Bjoernefjord at Antwerp, and delivered in Boston. The vessel was chartered under a charter party which provided for demurrage at a certain rate per day. The railroad paid for the rails by taking up bills of lading at the Second National Bank in Boston. These bills of lading did not refer to the charter party, and the railroad did not know of it until part of the rails had been delivered, when it received notice by letter. There was a delay in unloading the cargo, due to the neglect of the charterer's agents to furnish a sufficient number of stevedores. The owner of the vessel, claiming a lien on the rails for demurrage, filed a libel, and it was agreed between the libelant and the Boston & Maine that the discharge of the rails might be proceeded with, but that the libelant should not thereby lose his lien. There are two questions in the case—whether there is a lien for demurrage; and, if so, what the amount of demurrage should be.

[1] Under the admiralty law as administered in American courts, there is a lien on the cargo for demurrage. The Hyperion's Cargo, 2 Lowell, 93, Fed. Cas. No. 6987; Elvers v. W. R. Grace & Co. (C. C. A.) 244 F. 705, 707, and cases cited.

[2] There remains the further question as to the amount of the lien. Is the Boston & Maine Railroad bound by the terms of the charter party which it did not know about until after part of the rails had been discharged? The libelant argues on this point that it is commonly known that vessels are chartered, and that therefore the consignee of a cargo is put on inquiry to find out if this is the case, and to further find out the terms of the charter party. In my opinion this would impose too great a liability on the consignee when the bills of lading did not mention the fact that the vessel was chartered.

The libelant requested a ruling on the admissibility of a statement in the agreed facts to the effect that, under the terms of the purchase of the rails by the Boston & Maine Railroad, they were to be delivered f. o. b. railroad cars Mystic Wharf, Boston. No ruling on this point is necessary, as this fact appeared on the bills of lading, which were made part of the statement of agreed facts.

I rule that the Boston & Maine Railroad is liable for demurrage, but that the rate is not that contained in the charter party. Let the case be sent to an assessor to determine the amount due as demurrage.